IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WINSTON MILLER,                          *

      Plaintiff,                        *

v.                                       *            Case No. TJS-19-3067

MONTGOMERY COUNTY                        *
PUBLIC SCHOOLS,
                                         *
      Defendant.
                *     *     *     *     *     *

**MEMORANDUM OPINION**

Pending before the Court is the motion to dismiss filed by Defendant Montgomery County Public Schools ("MCPS"). (ECF No. 13.) Having considered the submissions of the parties (ECF Nos. 13, 15 & 18), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Defendant's motion will be granted but Plaintiff Winston Miller ("Mr. Miller") will be granted leave to file an amended complaint by **May 29, 2020**.

I.      **Plaintiff's Complaint**

In his Complaint, Mr. Miller raises two claims: in Count I, age discrimination in violation of 29 U.S.C. §§ 621-634, and in Count II, race discrimination in violation of 42 U.S.C § 2000e. (ECF No. 1.) In Mr. Miller's factually sparse Complaint, he alleges that MCPS "engaged in intentional age discrimination [and intentional racial discrimination] in the terms and conditions of the Plaintiff's employment, including, but not limited to, failure to promote." (*Id.* ¶¶ 7, 12.)

## II.     Discussion

### A.     Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

### B.     Analysis

MCPS moves to dismiss the Complaint on two grounds. First, MCPS contends that it is not a proper party to be sued. (ECF No. 13-1 at 4.) Second, it contends that Mr. Miller has failed to plead facts necessary to establish a prima facie case of age and race discrimination. (*Id.* at 5-9.) Mr. Miller opposes the motion.[1] (ECF No. 15.)

MCPS's first argument is easily resolved. Mr. Miller identifies the Defendant as MCPS in the Complaint. MCPS contends that this case should be dismissed with prejudice since "MCPS is

---

[1] Mr. Miller states that due to "a miscommunication between Plaintiff's counsel and court staff, Plaintiff was incorrectly identified as 'Winston Smith.'" (ECF No. 15 at 3.) The Court notes that the Complaint filed with the Court identifies the Plaintiff as "Winston Smith." (ECF No. 1.) The Court does not draft complaints for parties, so it is unclear how any person employed by the Clerk's office could have "incorrectly identified" Mr. Miller in the Complaint.

not an entity subject to suit." (ECF No. 13-1 at 4.) MCPS states that the correct name of the entity

that can be legally sued under Maryland law is the Board of Education for Montgomery County.

(*Id.*) MCPS is correct. MCPS is not a distinct legal entity empowered to sue or be sued. Under

Maryland law, the board of education for each county school system and the City of Baltimore is

the entity which is empowered to sue and be sued. *See* Md. Code, Educ., §§ 3-104(a) and (b)(2).

In this case, the Board of Education for Montgomery County is the entity that can be sued and held

liable for Mr. Miller's claims. Mr. Miller presents no legal authority that MCPS is a proper party.

The tolling agreement that he references might explain why he mistakenly sued the wrong entity,

but it does not grant MCPS the power to sue or be sued. As such, the Court will dismiss Mr.

Miller's claims against MCPS. The dismissal as to MCPS will be with prejudice because any future

claim that Mr. Miller might file against MCPS would be futile as MCPS is not an entity that is

subject to suit in its own right. As set forth below, however, Mr. Miller will be granted leave to

file an amended complaint naming the Board of Education for Montgomery County as the

defendant.[2]

       The defendant's second argument is that the Complaint fails to state claim upon which

relief can be granted. The Court agrees. Even construing the Complaint in the light most favorable

to Mr. Miller, he has failed to state a claim upon which relief can be granted as to age

discrimination and race discrimination. His Complaint is so devoid in factual allegations that it

fails to put the defendant on notice of the claims being asserted against it and fails to state a

---

[2] In his response, Mr. Miller states that the Board of Education for Montgomery County has been added as a defendant in the instant matter. (ECF 15 at 6.) Because Mr. Miller has not filed an amended complaint adding the Board of Education for Montgomery County as a defendant, he is incorrect. In addition, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Royster v. Gahler*, 154 F. Supp. 3d 206, 236 (D. Md. 2015) (internal citations and quotation marks omitted).

plausible claim for relief. Where a complaint does nothing more than make conclusory allegations of discrimination without reference to any pertinent facts, it is properly dismissed for failure to state a claim. *See, e.g., United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[E]lements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."). For these reasons, Mr. Miller's Complaint must be dismissed.

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013) (internal quotation marks omitted). Generally, the plaintiff should be afforded an opportunity to amend or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *see also Mclean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009) (stating that a court should not dismiss a "potentially meritorious claim . . . unless its deficiencies are truly incurable.")

Here, it appears that Mr. Miller may have viable claims for age discrimination and race discrimination. If he wishes to assert them against the proper defendant, the Court will not deny him an opportunity to amend his Complaint. In fact, had Mr. Miller simply amended his Complaint in response to the defendant's motion to dismiss, leave of Court would not have been required. Fed. R. Civ. P. 15(a)(1)(B). The Court cautions Mr. Miller that if his amended complaint is deficient for the same reasons that the defendant spelled out in its Motion, he may not be afforded another opportunity to amend and his case could be dismissed with prejudice.

**III.**   **Conclusion**

For these reasons, the defendant's motion to dismiss (ECF No. 13) is **GRANTED**. Plaintiff's claims against MCPS are dismissed with prejudice. Plaintiff will be afforded the opportunity to file an amended complaint that names the proper defendant (the Board of Education for Montgomery County) and contains sufficient factual allegations to state a claim upon which relief can be granted. Plaintiff's amended complaint shall be filed by **May 29, 2020**. A separate Order follows.

May 1, 2020
Date

        /s/
Timothy J. Sullivan
United States Magistrate Judge