IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WINSTON MILLER, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-19-3067 |
| BOARD OF EDUCATION FOR MONTGOMERY COUNTY, | * | |
| | * | |
| Defendant. | | |
| * * * | * * * | * |

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss ("Motion") filed by Defendant Board of Education for Montgomery County (the "Board").[1] ECF No. 25. ECF No. 25. Having considered the submissions of the parties (ECF Nos. 25, 26 & 27), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

**I.      PROCEDURAL HISTORY**

On October 21, 2019, Plaintiff Winston Miller ("Mr. Miller") filed a Complaint alleging that Defendant Montgomery County Public Schools ("MCPS") discriminated against him on the basis of his age and race, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). ECF No. 1. On May 1, 2020, the Court granted MCPS's motion to dismiss Mr. Miller's Complaint because "the correct name of the entity that can be legally sued under

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 17

Maryland law is the Board of Education for Montgomery County," not MCPS. ECF No. 22 at 3. The Court also dismissed Mr. Miller's Complaint because it failed to state a claim upon which relief can be granted. *Id.* at 3-5. The Court gave Mr. Miller leave to "file an amended complaint that names the proper defendant (the Board of Education for Montgomery County) and contains sufficient factual allegations to state a claim upon which relief can be granted." *Id.* at 5.

Mr. Miller filed his Amended Complaint on May 29, 2020. ECF No. 24. The Amended Complaint asserts five claims against the Board. In Count I, Mr. Miller alleges that the Board "engaged in intentional age discrimination . . . including, but not limited to, failure to promote," in violation of the ADEA. *Id.* ¶¶ 33-37. In Count II, he alleges that the Board "engaged in intentional race discrimination . . . including, but not limited to, failure to promote," in violation of Title VII and Maryland state law. *Id.* ¶¶ 38-46. In Count III, he alleges that he was subjected to "continued harassment . . . including, but not limited to, mockery, snide remarks, aggressive behavior and tacit intimidation on the part of Tilden Middle School. . . administration and staff," in violation of Title VII and Maryland state law. ¶¶ 47-55. In Count IV, he alleges that the Board retaliated against him in the form of "unprovoked disciplinary reprimands and [an] arbitrar[y] increase in the number of students under his charge," in violation of Title VII, Maryland state law, and the Montgomery County Code. ¶¶ 56-63. In Count V, he alleges that the Board subjected him to a hostile work environment, (presumably) in violation of Title VII. ¶¶ 64-68.

The Board now moves to dismiss the Amended Complaint. ECF No. 25. First, the Board argues that Mr. Miller's claims are time barred because the facts underlying them occurred beyond the 300-day time limit for filing charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Second, the Board argues that even if Mr. Miller's EEOC filing was timely, he did not exhaust his administrative remedies his harassment, retaliation, and hostile work

environment claims. Third, the Board argues that even if Mr. Miller's claims were timely and administratively exhausted, he still fails to state proper claims for harassment, retaliation, and hostile work environment. Fourth, the Board argues that Mr. Miller's claims asserted under Maryland state law and the Montgomery County Code are barred by the statute of limitations.

## II.     ANALYSIS

### A.     Factual Background

The following allegations are derived from the Amended Complaint. Mr. Miller identifies as an African American and is employed as a teacher at Tilden Middle School, which is part of the Montgomery County Public School System. ECF No. 24 ¶¶ 15, 18, 19. In April 2016, when Mr. Miller was 47 years old, he was the "target of a 'racially suggestive comment'" by a "Team Leader" during the course of his employment. *Id.* ¶ 20. Mr. Miller filed a Charge of Discrimination with the Montgomery County Office of Human Rights and "brought the comment to the attention of his School Principal and the Defendant's Assistant Superintendent."[2] *Id.* ¶¶ 20-21. Mr. Miller alleges that the Board retaliated against him for complaining about the "racially suggestive comment." *Id.* ¶¶ 26-28. He alleges that he was passed over for a promotion in favor of a younger, less experienced, less qualified, white candidate. *Id.* ¶¶ 29-31. He also alleges that he was subjected to mockery, snide remarks, aggressive behavior, acts of intimidation at the school, and unfair discipline. *Id.* ¶¶ 48-52, 66.

---

[2] Although he did not attach it to his Amended Complaint, the Court takes judicial notice of the Charge of Discrimination that Mr. Miller filed on June 8, 2017 (ECF No. 25-2). *See Kelly v. Giant of Maryland LLC*, No. PX-18-2495, 2019 WL 2502289, at *3 n.2 (D. Md. June 17, 2019) ("The Court may consider [a plaintiff's EEOC Charge] without converting the Motion to Dismiss into one for summary judgment.")

**B.     Legal Standard**

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Both the ADEA and Title VII require a plaintiff to "exhaust [their] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 592 (4th Cir. 2012); *see also Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Title VII establishes two possible limitation periods for filing a discrimination charge with the EEOC. *See* 42 U.S.C.A. § 2000e–5(e)(1). "The basic limitations period is 180 days after the alleged unlawful employment practice," but "the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Jones*, 551 F.3d at 300 (quoting *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998)). The same limitation periods apply regarding ADEA claims. *See* 29 U.S.C.A. § 626(d); *Byington v. NBRS Financial Bank*, 903 F. Supp. 2d 342, 348 (D. Md. 2012) (explaining that "before filing a discrimination suit alleging violations of the ADEA . . ., an

4

individual must file a charge of discrimination with the EEOC, pursuant to the same powers, procedures, and remedies applied to Title VII claims."). In Maryland, a deferral state, a claim of discrimination under Title VII or the ADEA must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). If the EEOC dismisses the charge, or if the plaintiff requests a right to sue notice, a plaintiff has ninety days from receiving his or her notice of dismissal and right to sue letter to file in action in court. 42 U.S.C. § 2000e-5(f)(1). "Timeliness requirements for an action alleging employment discrimination are to be strictly enforced." *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587, 597 (D. Md.), *aff'd*, 230 F.3d 1354 (4th Cir. 2000) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

The EEOC charge "defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Jones*, 551 F.3d at 300. If an "EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex," the claim will generally be barred for the plaintiff's failure to exhaust administrative remedies. *Id.*

Here, Mr. Miller filed his Charge of Discrimination (ECF No. 25-2) on June 8, 2017. In the Charge, Mr. Miller stated that the alleged discrimination took place on July 1, 2016. *Id.* He claimed discrimination on the basis of race and age. *Id.* He did not check the box for "retaliation" as a basis for discrimination, and he did not check the box for "continuing action" under the date of the alleged discrimination. *Id.* Mr. Miller included the following particulars in his Charge:

> I. I began my employment with the above named Respondent in July 2015 as a Teacher. In July 2016, I applied for the position of Team Lead. I was not selected

for this position. Adam Atwood (white, 20's) who is less qualified was selected for the position.

II.     I was not given a reason for the difference in treatment.

III.    I believe I was discriminated against with respect to promotion based on my race (Black) and age (47) in violation of Title VII of the Civil Rights Act of 1964, as amended and the Aged Discrimination in Employment Act of 1967, as amended.

*Id.*

### 1. ADEA and Title VII Claims

Because Mr. Miller alleged discrimination that occurred on July 1, 2016, he was required to file his Charge by April 27, 2017, which is 300 days after the alleged unlawful employment practice. Mr. Miller did not file his Charge until June 8, 2017, which is outside of the time limit. Accordingly, because Mr. Miller's claims under the ADEA and Title VII are time-barred, the claims will be dismissed with prejudice.

Alternatively, even if Mr. Miller had timely filed his Charge, his claims of harassment, retaliation, and hostile work environment exceed the scope of the particulars of his charge. "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Jones*, 551 F.3d at 300 (citing *Bryant*, 288 F.3d at 132). Mr. Miller's Charge makes no mention of harassment, retaliation, or any conduct that could be interpreted as creating a hostile work environment.[3] Accordingly, because Mr. Miller's claims for harassment, retaliation, and hostile work environment under the ADEA and Title VII exceed the scope of his EEOC Charge, the claims will be dismissed with prejudice.

---

[3] In *Nealon v. Stone,* 958 F.2d 584 (4th Cir.1992), the court held that a plaintiff may raise for the first time in federal court the claim that her employer retaliated against her for filing with the EEOC in violation of Title VII. *Nealon*'s holding does not apply here because Mr. Miller has not alleged that he was retaliated against for filing his EEOC Charge.

6

### 2. State and County Claims

Mr. Miller's claims under Maryland state law and the Montgomery Code are also untimely. Under Md. Code, State Gov't § 20-1013(a)(3),

> a complainant may bring a civil action against [an employer] alleging an unlawful employment practice, if: . . . the civil action is filed within 2 years after the alleged unlawful employment practice occurred; or . . . if the complaint is alleging harassment, the civil action is filed within 3 years after the alleged harassment occurred.

Similarly, under Md. Code, Lab. & Empl. § 3-912, the statute of limitations for filing an action is three years. *See Locklear v. Bergman & Beving AB*, 224 F.R.D. 377, 379 (D. Md. 2004), *aff'd,* 457 F.3d 363 (4th Cir. 2006). And under Md. Code, State Gov't § 20-1202(b), retaliation and discrimination claims against Montgomery County must be filed "within 2 years after the occurrence of the alleged discriminatory act."

Plaintiff alleges that Defendants' unlawful acts in Counts II, III, IV, and V occurred on or before July 1, 2016. Because he did not file his original complaint in this case until October 21, 2019, these claims are barred by the relevant statutes of limitations. *See Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577 (4th Cir. 2017) ("A defendant's claim that an action is time-barred is an affirmative defense that it can raise in a motion to dismiss when the "face of the complaint includes all necessary facts for the defense to prevail.") (quoting *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850-51 (4th Cir. 2016)). They will be dismissed with prejudice.

To the extent that Plaintiff has alleged other unlawful acts that may have occurred after July 1, 2016, *see* ECF No. 24 ¶¶ 51, 59, these claims will be dismissed without prejudice. When, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the

case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966)). Plaintiff may have an argument that these claims are not barred by the statute of limitations (although he has not raised any such argument before the Court). Because Plaintiff's federal claims have been dismissed at an early stage of litigation, the Court declines to exercise its supplemental jurisdiction over these potential claims. The interests of judicial economy, convenience, fairness, and comity favor these claims being resolved in state court. Accordingly, although he has not requested leave to do so, Plaintiff will not be permitted another opportunity to amend his complaint with respect to any potential state law claims that may not be barred by the statute of limitations. *See generally Salim v. Dahlberg*, 170 F. Supp. 3d 897, 907 (E.D. Va. 2016). Because the Court will not exercise supplemental jurisdiction over such claims, any such amendment would be futile.[4] Any state law claims raised by Plaintiff alleging unlawful employment actions after July 1, 2016 are dismissed without prejudice. *See generally Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 499 (D. Md. 2005) (declining to exercise supplemental jurisdiction over state law claims and dismissing them without prejudice).

### C.     Plaintiff's Arguments

Plaintiff presents a number of arguments in response to the Motion. The Court will address them here.

Plaintiff argues that the claims raised in his Amended Complaint are not barred by the statute of limitations because they relate back to the claims in the original Complaint. It is of no moment whether the claims in Plaintiff's Amended Complaint relate back to his original

---

[4] For the same reasons, the Court declines to address Defendant's argument that "Plaintiff has failed to establish a prima facie case of harassment, retaliation, and a hostile work environment." ECF Nos. 25-1 at 9; 27 at 5.

Complaint because the claims raised in the original pleading themselves are barred by the statute of limitations.

Next, Plaintiff argues that Defendant waived its right to file its Motion by not raising the same arguments in its previous motion to dismiss. This argument fails for two reasons. First, the Motion is Defendant's first motion to dismiss. The earlier motion to dismiss (ECF No. 13) was filed by a different entity, "Montgomery County Public Schools." Second, Defendant's Motion is not barred by Fed. R. Civ. P. 12(g)(2) or (h)(1) because it is a motion to dismiss for failure to state claim upon which relief can be granted, pursuant to Rule 12(b)(6). *Cloverleaf Enterprises, Inc. v. Maryland Thoroughbred, Horsemen's Ass'n, Inc.*, No. RDB-10-407, 2010 WL 4293338, at *2 (D. Md. Nov. 1, 2010) ("The defense of failure to state a claim is not waivable."); *Edwards*, 178 F.3d at 243; *see also* 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1361 (3d ed. Oct. 2020 Update) (explaining that "defenses under Rules 12(b)(1), 12(b)(6), and 12(b)(7) . . . are exempted by Rule 12(g) from the consolidation requirement and are protected against waiver by Rules 12(h)(2) and 12(h)(3)").

Finally, Plaintiff argues that he "followed proper procedure in pursuing administrative remedies, and found that administrative remedies were insufficient to resolve the matter." ECF No. 26 at 6. As the Court has explained, Plaintiff did not follow the "proper procedure" to exhaust his administrative remedies because he did not file his EEOC Charge within 300 days of the alleged unlawful employment action. As such, the Court is required to dismiss these claims. In addition, many of Plaintiff's claims exceed the scope of his EEOC Charge. Because the EEOC Charge defines the scope of the claims that Plaintiff may raise before this Court, the Court is required to dismiss those claims that are beyond its scope.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's claims under the ADEA and Title VII are dismissed with prejudice. Plaintiff's state law claims arising on or before July 1, 2016 are dismissed with prejudice. Plaintiff's state law claims arising after July 1, 2016 are dismissed without prejudice. A separate Order follows.

<u>December 11, 2020</u>                                                                      /s/
Date                                                                           Timothy J. Sullivan
                                                                               United States Magistrate Judge